IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-00396-LTB-CBS

HOWARD MYERS, individually and as father and next best friend of
ETHAN MYERS and LUKAS MYERS, minors,

        Plaintiffs,

v.

ALLIANCE FOR AFFORDABLE SERVICES a/k/a or d/b/a or separately ALLIANCE FOR
AFFORDABLE HEALTH CARE ASSOCIATION;
KENN KOCHAN a/k/a KENNETH KOCHAN;
MID-WEST NATIONAL LIFE INSURANCE COMPANY a/k/a or d/b/a or separately MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,
f/k/a COLLEGE BOUND STUDENT ALLIANCE, INC.,

        Defendants.
_____

ORDER
_____

Plaintiffs Howard, Ethan and Lukas Myers filed a claim for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, negligence, outrageous conduct and bad-faith breach of insurance contract. Defendants Mid-West National Life Insurance Company ("Mid-West") and Kenneth Kochan ("Kochan") filed a Motion for a more definite statement of the claim of fraud, pursuant to Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(e). For the reasons discussed below, this Motion is DENIED.

**I. Background**

On January 15, 2002 plaintiff Howard Myers ("Myers") completed an application for health insurance for of his children, Plaintiffs Ethan and Lukas Myers. (Together the three Myers are henceforth referred to as "Plaintiffs.") Defendant Alliance for Affordable Services ("Alliance")and Kochan, a representative of Mid-West, provided Myers with a benefit summary

for the health insurance for which he applied, and accepted a check for the insurance in the amount of $376.11. Alliance submitted the insurance application to Mid-West and Mid-West accepted the application and the premium check. Myers alleges that "throughout the time" Myers dealt with Kochan and Alliance, he was "told, represented and assured" that "everything was being handled in an expeditious fashion, that everything was in order, and that the policy for which they applied would be issued. . . " (Comp. ¶ 9.)

On January 22, 2002 Ethan and Lukas Myers were catastrophically injured in a car accident when the car driven by their sister was struck by a drunk driver. They suffered serious and permanent injuries that required several months of hospitalization, and rehabilitation that continues today. On March 22, 2002 Mid-West issued three separate checks to Myers that were designated as refund checks. Mid-West later denied Myers' requests for payment of medical bills. On January 28, 2004, Myers initiated this lawsuit.

On March 12, 2004 Kochan and Mid-West (designated herein as "Defendants") first filed a Motion for a more definite statement of the claim of fraud. On March 15, 2004 I issued a Minute Order denying this Motion without prejudice due to defense counsel's failure to confer with opposing counsel to resolve this matter, pursuant to D.C.COLO.LCivR 7.1(A). Defense counsel filed a Renewed Motion for a more definite statement March 18, 2004. In that Motion, counsel certified that he complied with this Rule by faxing a letter to plaintiff's counsel on 11:34am March 16, 2004 indicating that he would file the motion by the close of business March 17, 2004. Plaintiff's counsel states that he was engaged in depositions March 16 and 17, 2004 and did not see defense counsel's letter until March 18, 2004, after defense counsel's deadline.

Although good faith effort to confer appears lacking, I deny this motion on other grounds.

## II. Discussion

In Colorado, the elements of fraudulent misrepresentation are "a knowing misrepresentation of a material fact, reliance on the material representation, the right or justification in relying on the misrepresentation and reliance resulting in damages. *Williams v. Boyle,* 72 P.3d 392, 399 (Colo. Ct. App. 2003) (*citing Nielson v. Scott,* 53 P.3d 777 (Colo. Ct. App. 2002). "A claim of fraud may be premised upon one party's promise concerning a future act . . . coupled with a present intention not to fulfill the promise[.]" *Brody v. Bock,* 897 P.2d 769, 775-776 (Colo. 1995) (Internal cites and quotes omitted.)

Any allegation of fraud requires plaintiff to state "with particularity" "the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b).  The specific pleading requirements of Rule 9(b) require a complaint alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.,* 203 F. 3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds),* 924 F.2d 176, 180 (10th Cir. 1991). Put another way, the plaintiff must set out the "who, what, where, and when" of the alleged fraud.  *See Nal II, Ltd., v. Tonkin,* 705 F.Supp. 522, 525-26 (D. Kan.1989).  Rule 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).  While Rule 9(b) is an exception to the rule that pleadings be simple, concise and direct, it is also to be "read restrictively, not expansively." *Id.*  Plaintiffs are not required to plead extensive facts. Instead,

they must plead only the circumstances of the fraud.  *See id.*

There is no question that Myers' complaint alleges damages, that it identifies a specific individual (Kochan), and that it alleges the contents of the alleged misrepresentation. It is less clear whether the time frame of the misrepresentation is specific enough to satisfy Rule 9(b). Myers alleges that Kochan told him that everything was "in order" and that the "policy would be issued," and that Kochan made these statements "throughout the time" Myers dealt with Kochan. Myers does not specify what these dealings were or when they took place, but it is logical to infer that they occurred between the January 15, 2002 meeting specified in the complaint and the March 22, 2002 refund of the checks to Myers.

Defendants assert that Myers' has not alleged any facts to show justified reliance. Defendants argue that to satisfy Rule 9(b), Myers' complaint must allege that he believed he was insured on January 22, 2002, and that he relied on this belief to his detriment; that is, he could have taken some other action that would have mitigated his ultimate damages had he known he was not insured.  Myers does not offer any specific allegations to support his claim of justified reliance, stating only that "defendants reasonably relied, to their detriment, on the representations of the defendants. . . " (Compl. ¶ 9.)

I conclude that Myers' complaint satisfies the requirements of Rule 9(b).  The complaint asserts specific statements made by a specific individual, occurring over a time frame of about two months. While the complaint does not specify a date or time for these dealings, the time frame alleged is sufficient to enable defendants to fashion a response. It provides defendants with "fair notice of plaintiff's claims and the factual ground upon which they are based. . ." *Farlow, supra,* 956 F.2d at 987.

Myers' also alleges specific facts sufficient to satisfy justified reliance. Myers alleges he believed, based on representations from Kochan, that he was insured after the January 15, 2002 meeting. (Whether or not Myers' belief was reasonable is an inappropriate subject for this motion.) Myers alleges that on January 22, 2002, after this meeting and this alleged misrepresentation, his sons had an accident for which they were not insured. Myers alleges that he suffered damages as a result of being uninsured, after allegedly being told he was insured. Further, Myers alleges that he sent medical bills to Mid-West, and that these bills were not paid. These statements plead detrimental reliance sufficient to satisfy the requirements of Rule 9(b) and Rule 12(e). Under Rule 12(e) I consider only whether the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." I conclude that Myers' complaint meets this standard.

### III.   Conclusion

Defendant's Motion for a more definite statement is therefore DENIED.

**DONE and ORDERED,** this   12th   day of August, 2005 at Denver, Colorado.

                                              s/Lewis T. Babcock
                                              United States District Judge