IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-00396-LTB-CBS

HOWARD MYERS, individually and as father and next best friend of
ETHAN MYERS and LUKAS MYERS, minors,

       Plaintiffs,

v.

ALLIANCE FOR AFFORDABLE SERVICES a/k/a or d/b/a or separately ALLIANCE FOR AFFORDABLE HEALTH CARE ASSOCIATION;
KENN KOCHAN a/k/a KENNETH KOCHAN;
MID-WEST NATIONAL LIFE INSURANCE COMPANY a/k/a or d/b/a or separately MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,
f/k/a COLLEGE BOUND STUDENT ALLIANCE, INC.,

       Defendants.
_____

ORDER
_____

Plaintiffs Howard, Ethan and Lukas Myers (collectively "Myers") filed a claim for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, negligence, outrageous conduct and bad-faith breach of insurance contract. On October 8, 2004 I granted Defendant Alliance for Affordable Services' ("Alliance") motion to dismiss all of the claims against it for failure to state a claim for which relief can be granted, under Fed. R. Civ. P. 12(b)(6). On October 18, 2004 Myers filed a Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59(e), or in the alternative to Reinstate and Amend his Amended Complaint.

For the reasons stated below, Plaintiff's motion is DENIED.

## I. Discussion

The purpose of a motion under Rule 59(e) "is to correct manifest errors of law or to

present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. American Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). "A motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches, supra,* 950 F. Supp. at 300 (internal quotes and cites omitted).

In his Rule 59(e) Motion, Myers does not allege any new facts, present any new evidence or claim that there has been any intervening changes in law. Rather, Myers argues that the Order dismissing claims against the Alliance contained manifest errors of law or would create a manifest injustice. I disagree.

Myers has not shown a manifest error of law in the Order dismissing claims against the Alliance. Myers has not shown that any authorities were cited incorrectly. Myers does not show that its earlier claim was misunderstood or misapprehended. Instead, Myers' arguments are basically a restatement of the arguments he originally made in opposition to the Motion to Dismiss. Myers basic point is that the Court has erred in its legal reasoning. This cannot be the basis of a Rule 59(e) Motion. *Mantle Ranches, supra,* 950 F. Supp. at 300.

Myers also claims that granting the motion to dismiss will constitute a manifest injustice. Myers offers no specific evidence or arguments to support this claim, stating only that he and his children have suffered grave personal injuries and have been denied payment of their health expenses. These are the claims that form the basis of the complaint and do not constitute an independent argument for granting a Rule 59(e) Motion. Myers also is not denied all relief by dismissing claims against the Alliance. He may still pursue claims against Defendant Midwest National Life Insurance. Reconsideration under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Myers has not offered persuasive arguments to amend my judgment dismissing claims against the Association.

Myers pleads, in the alternative, for leave to reinstate and amend his Amended Complaint. A court may consider a motion to amend a complaint after a motion to dismiss has been granted only after the case is reopened pursuant to a Motion under Rule 59(e) or Rule 60(b). *Glenn v. First Nat. Bank in Grand Junction,* 868 F.2d, 368, 371 (10th Cir. 1989.) Because I deny the motion to Amend Judgment under Rule 59(e), I also will disallow Myers' Motion to amend his complaint.

## II.  Conclusion

Plaintiff's Motion to Amend Judgment under Rule 59(e) is therefore DENIED. Plaintiff's Motion in the alternative to Amend the Amended Complaint is DENIED.

**DONE and ORDERED,** this ___12th___ day of August, 2005 at Denver, Colorado.

                                            __s/Lewis T. Babcock__
                                            United States District Judge