**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04 B 0396 (CBS)

HOWARD MYERS individually and as father and next best friend of
ETHAN MYERS and LUKAS MYERS, minors

    Plaintiffs,

vs.

MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE

Defendant.

_____

**STIPULATED CONFIDENTIALITY ORDER**
_____

    The parties hereby stipulate to the following:

    1.    This action involves allegations of breach of insurance contract and bad faith.

    2.    Plaintiff seeks through discovery claims processing guidelines and related documents of the defendants. Such records are not available to the public and are considered and treated by defendants as confidential. Any guideline or any other document which Defendants wish to include within this agreement (collectively, "guidelines")shall be marked "confidential."

3. Defendant seeks through discovery certain medical, financial and other personal records of plaintiff (collectively "records"). Such records are not available to the public and are considered by plaintiff to be confidential.

4. In light of the allegations of this case, plaintiff and defendant agree that these guidelines and records may be relevant for discovery purposes. By producing these guidelines in discovery neither plaintiff nor defendants takes any position on their admissibility for other purposes, such admissibility to be determined at the appropriate later time. Plaintiff agrees to mark as "confidential" any documents she produces that she wishes to be included within the definition of "records" found in the preceding paragraph. Any documents received by defense counsel from any source as a result of the releases provided by plaintiff or by subpoena or any other means that relate to plaintiff's records of any nature will be considered as if they were marked "confidential" by defense counsel, defendants and any agents of the defense. Furthermore, any party may designate any deposition or deposition exhibits as "confidential."

5. Plaintiff and her counsel agree as follows:

(a) Any copies of defendant's guidelines and other documents marked "confidential" shall remain confidential and not be disclosed by plaintiff or counsel for plaintiff to any person not legitimately connected with this lawsuit and only as provided herein;

(b) Any copies of the Defendant's records shall remain confidential and not be disclosed by Plaintiff or counsel for Plaintiff to any person not legitimately connected with this lawsuit and only as provided herein;

(b) These guidelines shall be treated as confidential during the pendency of this action;

(c) The control and distribution of these documents shall be the responsibility of the Plaintiffs' attorneys of record, who, if they provide these documents to experts or other third persons, agree to (i) first disclose to the opposing counsel the identity of such person, (ii), before providing such documents to any third person, obtain such third person's written agreement to not further distribute the documents to other persons, of and to destroy the documents at the conclusion of the case, and provide a certificate of destruction which will be provided forthwith to the Defendant's counsel (iii) provide a copy of such written agreement to opposing counsel within one week providing the documents to such their person.

(d) If either party wishes to use any document protected hereunder in connection with a pretrial motion, including a motion for summary judgment, the document shall be attached to the motion or other filing in an envelope marked confidential; If the court requires a different procedure for maintaining the confidentiality of documents in the e-filing system, such procedure shall be followed.

(e) If either party offers a document protected hereunder into evidence at trial, such document, if admitted, shall be, upon publication of same to the jury, and upon the jury's returning of the verdict, be placed into an envelope marked "confidential

(f) That upon conclusion of this litigation, any and all copies of these documents shall be returned to counsel for defendant, or shall be destroyed by plaintiff's counsel, who shall so certify to defendant's counsel.

6. Defendant and its counsel agree as follows:

(a) Any copies of plaintiff's records marked "confidential" shall remain confidential and not be disclosed by defendant or their counsel to any person not legitimately connected with this lawsuit and only as provided herein;

(b) These documents shall, without the necessity of further designation, be treated as confidential during the pendency of this action;

(c) The control and distribution of these documents shall be the responsibility of the Defendant's attorneys of record, who, if they provide these documents to experts or other third persons, agree to (i) first disclose to the opposing counsel the identity of such person, (ii), before providing such documents to any third person, obtain such third person's written agreement to not further distribute the documents to other persons, of and to destroy the documents at the conclusion of the case, and provide a certificate of destruction which will be provided forthwith to the Plaintiffs' counsel (iii) provide a copy of such written agreement to opposing counsel within one week providing the documents to such their person. If either party wishes to use any record protected hereunder in connection with a pretrial motion, including a motion for summary judgment, the document shall be attached to the motion or other filing in an envelope marked confidential;

(d) If either party offers a document protected hereunder into evidence at trial, such document, if admitted, shall be, upon publication of same to the jury, and upon the jury's returning of the verdict, be placed into an envelope marked "confidential."

(e) That upon conclusion of this litigation, any and all copies of these documents shall be returned to counsel for plaintiff, or shall be destroyed by defendant's counsel, who shall so certify to plaintiff's counsel.

7. Without requiring the parties to prove up and brief these issues, and without requiring the Court to rule on these issues, defendant agrees to produce to plaintiff and their counsel the guidelines, and Plaintiff agrees to produce to Defendant and its attorneys the records deemed confidential, subject to the stipulations set forth in this Confidentiality Order.

8. Without requiring the parties to prove up and brief these issues, and without requiring the Court to rule on these issues, plaintiff agrees to produce to defendants and their counsel the records, subject to the stipulations set forth in this Confidentiality Order.

DATED at Denver, Colorado, this 26th day of June, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED AND APPROVED:

s/ James E. Gigax
_____

James E. Gigax
BLOOM MURR & ACCOMAZZO,
P.C. 410 17th St. Suite 2400
Denver, Colorado 80202
(303) 534-2277

Attorney for Defendant

Dated: 6/25/07

s/ Kirk R. McCormick
_____

Kirk R. McCormick
MC CORMICK & MURPHY
318 S. 8th St.
Colorado Springs, CO 80905
(719) 389-0400
Attorneys for Plaintiffs