IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

    Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Stay Order Compelling FRCP 30(B)(6) Depositions Pending Decision on Rule 72(A) Objections to February 12, 2008 Order** [Docket No. 124; filed March 14, 2008] (the "Motion to Stay"). The Court has reviewed the Motion, Plaintiffs' Response [Docket No. 138; filed March 24, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

In the Motion to Stay, Defendant seeks to stay my February 12, 2008 Order [Docket No. 75] compelling Defendant to produce its 30(b)(6) representatives for depositions scheduled for March 26-27, 2008 and allowing questioning on certain topics, pending District Judge Babcock's ruling on Defendant's Fed. R. Civ. P. 72(a) Objections [Docket No. 95; filed February 27, 2008] to that Order. Defendant argues that a brief stay of the

1

depositions is necessary, as compliance with my Order would render Defendant's right to appeal to the District Judge moot. *Motion*, p. 2.

Plaintiffs object to stay of the depositions. However, the majority of the arguments brought by Plaintiffs in their Response relate to the merits of the depositions and the topics to be addressed therein. *See Response* [#138], pgs. 2-5. For instance, Plaintiffs argue that they "have submitted sufficient prima facie evidence to show a significant connection between all of the parties that discovery is geared towards, and that all companies that the Defendant is affiliated with are wholly owned and controlled by its parent UICI, and have been working in conjunction with each other in order to perpetrate a fraud on the Plaintiffs." *Id.* at 3. Thus, Plaintiffs argue that they should properly be allowed to seek discovery regarding a dismissed defendant during the depositions, which is one of the subjects of the appeal brought by Defendant in its Motion for Fed. R. Civ. P. 72(a) Objections [Docket No. 95; filed February 27, 2008].

I find that any arguments related to the merits of the proposed depositions and depositions topics are no longer properly before this Court. As Defendant has filed an appeal to District Judge Babcock regarding my Order on the depositions, any such arguments must now be considered by Judge Babcock.

Plaintiffs have provided this Court with no compelling reasons why the depositions cannot or should not be stayed pending a decision on Defendant's appeal of my Order. Because trial of this matter is not scheduled be begin until September 18, 2008, it is possible to extend the discovery deadline in order to complete the depositions, if

necessary. I further find that Defendant is correct that allowing the depositions to proceed prior to a ruling on the appeal would render Defendant's objections moot. *See, e.g., Srebnik v. Dean*, 2006 WL 1041788, *1 (D.Colo. 2006). Moreover, it is not unprecedented to stay the enforcement of an Order of a Magistrate Judge pending a decision on an appeal to a District Judge. *See, e.g., id.; Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 638 (D.Colo. 2007).

Accordingly, IT IS HEREBY **ORDERED** that the Motion [Docket No. 124] is **GRANTED**.

IT IS FURTHER **ORDERED** that the portions of my February 12, 2008 Order [Docket No. 75] which are the subject of Defendant's appeal are **STAYED** pending further Order of the Court.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 25, 2008