IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, individually and as next best friend of ETHAN MYERS and LUKAS MYERS, minors,

    Plaintiffs,

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY a/ka or d/b/a or separately; MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,

    Defendant.
_____

## ORDER
_____

This case is before me on Plaintiffs' Motion to Amend Complaint, to Amend the Scheduling Order and Request for Expedited Ruling [Doc # 111]. After consideration of the motion, all related pleadings, and the case file, I deny the motion as set forth below.

### I. Background

On January 28, 2004, Plaintiffs filed their Amended Complaint, which was removed to this Court on March 4, 2004. In their Amended Complaint, Plaintiffs assert claims for fraud, negligence, breach of fiduciary duty, bad faith, and extreme and outrageous conduct against Defendant Mid-West National Life Insurance Company ("Mid-West"). Plaintiff's claims arise out of Plaintiff Howard Myers' application for a health insurance policy from Mid-West on January 15, 2002. On January 22, 2002, Ethan and Lukas Myers, Howard Myers' two minor sons who were to be listed as insureds under the health insurance policy, were involved in a catastrophic automobile accident that resulted in medical bills in excess of $1,000,000. Mid-West

subsequently refunded Howard Myers' payment for the policy and denied that it was under any obligation to pay the medical bills of Ethan and Lukas Myers.

In its answer to Plaintiffs' Amended Complaint that was filed on March 12, 2004, Mid-West asserted, among other affirmative defenses, that "Plaintiffs' claims are barred ... by the terms of the insurance contract which Plaintiffs claim was or should have been in effect." Mid-West also moved for a more definite statement regarding Plaintiffs' fraud claim. Plaintiffs opposed the motion and argued that their allegations that an application for insurance was filled out and a check for the premium delivered and cashed; that they were assured that the policy would be issued; and that they relied on this material and false representation were sufficient to meet the pleading requirements for their fraud claim.

For reasons that are not entirely clear, a scheduling order was not entered in this case until March 8, 2007 and discovery presumably did not commence until after this date. The Scheduling Order set a deadline of May 25, 2007 as the deadline for the amendment of pleadings. In the Scheduling Order, Mid-West again asserted that "Plaintiffs' claims are barred or limited ... by the terms of the insurance contract which Plaintiffs claim was or should have been in effect...."

In September of 2007, in response to Plaintiffs' Second Request for Production of Documents, Mid-West produced an exemplar of an insurance policy that it might have issued to Plaintiffs if it had in fact provided Plaintiffs with a health insurance policy based on the application submitted by Howard Myers. Plaintiffs assert that this policy provides very little, if any, health insurance benefits and not the $1,000,000 in benefits for each insured with a $5,000 deductible that Howard Meyers believed he was purchasing. Plaintiffs also assert that the production of this exemplar policy injected a new defense into the case, *ie.* that even if Mid-West should have issued

a health insurance policy to Plaintiffs, the one it would have issued would not have covered most of the medical costs incurred by Ethan and Lukas Myers in any event. Plaintiffs further assert that the production of this exemplar policy prompted an investigation by them through which they discovered that Mid-West and some related entities were engaged in a fraudulent and deceptive scheme to mislead purchasers into believing that they are purchasing a health insurance policy with full benefits when in fact they are purchasing a "junk" policy with little to no benefits.

Plaintiffs then sought additional discovery regarding Mid-West's allegedly fraudulent and deceptive scheme to sell "junk" policies. These efforts to obtain additional discovery prompted a flurry of motions regarding the proper scope of discovery in this case. In essence, Plaintiffs have been denied some of the discovery that they seek and Mid-West has challenged some of the discovery that Plaintiffs are seeking based on the magistrate judge's finding that Plaintiffs' Amended Complaint does not contain specific allegations regarding Mid-West's alleged fraudulent and deceptive scheme to sell "junk" policies and that this is therefore not an appropriate topic for discovery. Although Plaintiffs contend that Mid-West's alleged scheme is a proper topic for discovery because Mid-West has raised the terms of its "junk" policy as a defense, Plaintiffs nonetheless move to amend their complaint to address the magistrate judge's concerns.

Trial in this case is currently set to commence on September 8, 2008, and the deadline for non-expert discovery expired on March 28, 2008 though limited discovery may yet occur following the resolution of pending discovery motions.

## II. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings after a responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Permission to amend may be refused based upon 1) undue delay; 2) bad faith or dilatory motive on the part of the movant; 3) repeated failure to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party by virtue of allowance of the amendment; and 5) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## III. Analysis

Mid-West argues that Plaintiffs should be denied leave to amend as a result of undue delay, bad faith or dilatory motive, the prejudice that it would suffer, and the futility of the proposed amendment. Mid-West's arguments regarding Plaintiffs' alleged bad faith and the futility of Plaintiffs' proposed amendment are unpersuasive and do not support the denial of Plaintiffs' motion. I will therefore focus my analysis on the timeliness of Plaintiffs' proposed amendment and the resulting prejudice to Mid-West.

### A. The Timeliness of the Proposed Amendment

Plaintiffs argue that their proposed Second Amended Complaint is timely because they first became aware that Mid-West intended to present a defense based on the terms of the policy that it would have issued Plaintiffs following Mid-West's disclosure of the exemplar policy in September of 2007. This argument is problematic for two reasons. First, as set forth above, Plaintiffs have been on notice from the time Mid-West answered their Amended Complaint in

March of 2004 that Mid-West intended to assert that the medical expenses of Ethan and Lukas Myers would not have been covered under the policy that would have been issued to Howard Myers in any event. Second, Plaintiffs did not move to amend their Complaint until approximately six months after the disclosure of this policy. Under these circumstances, there was clearly significant delay in the filing of Plaintiff's motion to amend. However, "[l]ateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975). Rather, in this Circuit, the reasons for the delay must also be considered, and leave to amend may be appropriately denied when there is no adequate explanation for it. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).

Plaintiffs submit that their failure to obtain a copy of the exemplar policy until September of 2007 was due to the fact that a scheduling order was inexplicably not entered in this case until March of 2007. Plaintiffs further submit that their failure to move to amend the complaint until March of 2008 was based upon their belief that they could pursue discovery regarding Mid-West's alleged fraudulent scheme to sell "junk" insurance policies based on Mid-West's defense that the terms of the policy issued to Plaintiffs would not have covered Ethan and Lukas Myers' medical expenses in any event. I am unpersuaded that these circumstances justify an amendment to the pleadings more than four years after the commencement of this case and almost one year after the deadline for the amendment of pleadings set forth in the Scheduling Order. In particular, Plaintiffs' argument that Mid-West's mere disclosure of an exemplar policy that might have been issued to Plaintiffs automatically injected Plaintiffs' allegations of a broad fraudulent and deceptive scheme involving several related entities to sell "junk" insurance policies into this case such that a motion to amend was unnecessary defies logic. Plaintiffs have also failed to present

any evidence that they made any effort to move this case forward so that they could begin discovery into Mid-West's defenses at an earlier stage in the proceedings.

For these reasons, I conclude that Plaintiffs' motion to amend their complaint is untimely and that the filing of this motion was unduly delayed.

**B. Prejudice to Mid-West**

Although my conclusion that Plaintiffs' undue delay in moving to amend their complaint constitutes sufficient grounds to deny the motion (*Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990), I will also address whether the proposed amendment would prejudice Mid-West since undue prejudice is the single most important factor in deciding a motion to amend the pleadings. *Minter*, 451 F.3d at 1207.

Plaintiffs argue that Mid-West will not be prejudiced by their proposed amendment to the complaint to add allegations regarding Mid-West's alleged fraudulent and deceptive scheme to seel "junk" insurance policies. Specifically, Plaintiffs assert that there will be ample time for Plaintffs to depose a few officers of Mid-West, its parent corporation, and related corporations and for Mid-West to prepare any rebuttal expert reports by the current deadline of May 2, 2008. Plaintiffs further assert that the parties will be able to try this case in approximately five months as scheduled notwithstanding the new allegations and claims that Plaintiffs seek to add. Plaintiffs' view of the implications of its proposed amendment is, however, far too simplistic.

Plaintiffs proposed amendment would inject an entirely new theory of recovery predicated on entirely new factual allegations into the case. Moreover, the new claims and allegations relate to a broad and somewhat complicated scheme to sell "junk" insurance policies by Mid-West in conjunction with its parent and affiliated companies, which are not parties in the case. Naturally,

Mid-West, and presumably Plaintiffs, will seek additional discovery relating to this alleged scheme which will in turn necessitate an extension of the discovery deadlines and potentially a continuance of the trial date, which is already not scheduled to commence until more than four and a half years after the filing of this case.

"Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (*quoting Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* These circumstances are clearly present in this case. I also reject Plaintiffs' contention that Mid-west cannot claim prejudice because the proposed amendment was necessitated by its late disclosure that it intended to defend Plaintiff's claims based on the terms of the policy that it would have issued to Plaintiffs. In fact, as set forth above, Mid-West raised this defense when it first answered Plaintiffs' Amended Complaint more than four years ago. I therefore conclude that Mid–West would be unduly prejudiced by Plaintiffs' proposed amendment to their complaint.

Having concluded that Plaintiffs should be denied leave to amend their complaint based on undue delay and prejudice to Mid-West, Plaintiffs further request to amend the scheduling order to extend the date for such amendments is moot.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Complaint, to Amend the Scheduling Order and Request for Expedited Ruling [Doc # 111] is DENIED.

Dated: April  4 , 2008 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE