IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

    Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Withdrawal of its Responses to Mid-West's Objections and Responses to Requests for Production Pursuant to F.R.C.P. 30(b)(5), and Motion to Compel Production of Documents Pursuant to its F.R.C.P. 30(b)(5) Notice, Motion to Compel Production of a Privilege Log, and Request for an Expedited Hearing and Ruling with the Magistrate Judge** [Docket No. 119; filed March 13, 2008] (the "Motion to Compel"). The Court has reviewed the Motion to Compel, Defendant's Response [Docket No. 139; filed March 24, 2008], Plaintiffs' Reply [Docket No 142; filed March 25, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

    IT IS HEREBY **ORDERED** that the Motion to Compel is **DENIED WITHOUT PREJUDICE**, as set forth below.

First, the Parties again disagree on whether the Plaintiffs have satisfied their duty to confer pursuant to D.C.Colo.L.CivR. 7.1A. Defendant states that prior to filing their Motion to Compel, "Plaintiffs failed to engage in any conference and refuse[d] to withdraw their Motion and engage in a conference as requested by [Defendant]." *Response* [#139], p. 5. As proof that they conferred with Defendant prior to filing their Motion to Compel, Plaintiffs have submitted a short series of emails to the Court. *Reply* [#142], Ex. 1. The Court observes that the email exchanges between opposing counsel all occurred on March 13, 2008, the same day that Plaintiffs filed their Motion to Compel. Further, the email exchange that occurred between opposing counsel on March 13, 2008 falls far short of the "meaningful negotiations" required by Rule 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). The Court grows extremely weary of reminding counsel of their obligations under the Local Rules. The parties are warned that a failure to comply with Rule 7.1A in the future will result in summary denial of any motion.

Second, the Motion to Compel does not comply with D.C.Colo.LCivR. 37.1, which provides that "[a] motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed." The Motion to Compel fails to "set forth verbatim" the requests to which it seeks a further response. Neither does Plaintiffs' Reply correct this deficiency. Plaintiffs' failure to comply with Rule 37.1 is by itself grounds for denial of the Motion to Compel.

Finally, many of Plaintiffs' discovery requests contained in the Motion to Compel are now moot. A portion of Plaintiffs' requests seek discovery relating to an allegedly wide-

spread scheme by Defendant and others in fraudulently selling "junk" insurance policies. However, by Order dated April 4, 2008, District Judge Lewis Babcock denied Plaintiffs' motion to amend their Complaint to add allegations regarding their theory of fraud based upon the sale of "junk" insurance [Docket No. 54]. As such, Plaintiffs cannot seek discovery on these allegations of fraud that were not originally included in their Complaint and which they now have been denied leave to include.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Compel [#119] is **DENIED WITHOUT PREJUDICE**. Plaintiffs may re-file their Motion to Compel upon meeting the following conditions: (1) engaging in "meaningful negotiations" with opposing counsel prior to filing; (2) complying with D.C.Colo.LCivR 37.1; <u>and</u> (3) deleting all discovery requests relating to the junk policy issue.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: April 14, 2008