IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

    Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

    Defendant(s).
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Protective Order** [Docket No. 192; filed April 30, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 214; filed May 23, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

Plaintiffs requests that the Court enter a protective order prohibiting the deposition of their expert witness, Bert Bernstein. *Motion* [#192], p. 2. As grounds, they state that Defendant served Mr. Bernstein with a subpoena to produce his records on May 1, 2008, and to appear for a deposition on May 1, 2008. *Id.* Plaintiffs argue that Defendant failed to clear this deposition date with Plaintiffs prior to serving the subpoena. *Id.*

Defendant states that the subpoena merely requests the production of documents, and not a deposition. *Response* [#214], p. 1. Defendant further argues that Plaintiffs failed

to confer prior to filing their Motion, that the Motion was not filed in the proper court, and that the motion is moot, as Mr. Bernstein has already produced documents responsive to the subpoena. *Id.* at 1-2.

As a preliminary matter, the Court must again take up the matter of Plaintiffs' counsel's alleged failure to confer pursuant to D.C.Colo.L.CivR. 7.1A. Defendant's counsel states that Plaintiffs' counsel's efforts to confer prior to filing the Motion were insufficient. Defendant's counsel argues that when Plaintiffs' counsel attempted to call Ms. Zambrano, one of Defendant's counsel, he discovered that she was out of town and subsequently filed his motion without providing defense counsel with a opportunity to respond to the Motion. Defendant's counsel argues that "[f]iling a motion within hours after calling an attorney who is out of town does not constitute the 'good-faith' requirement described by Local Rule 7.1." *Response* [#214], p. 3. In describing his efforts to confer, Plaintiff's counsel states that he "made a reasonable effort to confer regarding this motion and forwarded a letter dated April 29, 2008, and called Ms. Zambrano's office as well as Doug Tuminello's office on April 30, 2008 to inquire as to whether they would withdraw the subpoena . . . ." *Motion* [#192], p. 1. The Court notes that Plaintiffs' Motion was filed on April 30, 2008, one day after Plaintiffs' counsel sent a letter to Defendant's counsel, and on the very same day that Plaintiffs' counsel attempted, and failed to reach, Defendant's counsel.

The parties in this case have been previously warned that Rule 7.1A requires "meaningful negotiations" prior to the filing of any non-dispositive motion with the Court. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). Indeed, by Order dated April 14, 2008, this Court stated, "[t]he Court grows extremely weary of reminding

counsel of their obligations under the Local Rules. The parties are warned that a failure to comply with Rule 7.1A in the future will result in <u>summary denial</u> of any motion." [Docket No. 167 at p. 2] (emphasis provided).

The Court finds that sending a letter one day prior to the filing of a motion and making an unsuccessful attempt to contact an attorney the day of filing the motion does not constitute "meaningful negotiations" as required by Rule 7.1A. The Court finds that Plaintiffs' counsel has been warned regarding his obligations pursuant to the Local Rules, and has again failed to fulfill these obligations.

Accordingly, IT IS HEREBY **ORDERED** that the Motion [Docket No. 192; filed April 30, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 28, 2008