IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

   Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

   Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Compel Non-Party California Casualty Indemnity Exchange to Respond to Subpoena Duces Tecum** [Docket No. 194; filed May 5, 2008] (the "Motion"). Non-party California Casualty Indemnity Exchange has not filed a Response to the Motion. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Defendant requests that California Casualty Indemnity Exchange ("California Casualty"), a non-party to this action, be compelled to respond to a subpoena *duces tecum*. *Motion* [#194], p. 1. Defendant states that on March 27, 2008, it properly served California Casualty with a subpoena *duces tecum* through its registered agent in Colorado, the Corporation Company. *Id.* Defendant seeks documents related to payments allegedly

1

made by California Casualty to Plaintiffs under one or more insurance policies that cover the same injuries for which Plaintiffs seek damages from Defendant in this action. *Id.* at Ex. A. Defendant further alleges that despite numerous attempts to contact California Casualty for purposes of discussing compliance with the subpoena, California Casualty has not responded to either Defendant's efforts or to the subpoena itself. *Id.* at 2.

Pursuant to Fed. R. Civ. P. 26(b), parties are entitled to discovery on any matter "relevant to the subject matter involved in the pending action." Relevancy under Rule 26 is extremely broad. *In re Surety Assoc. of America*, 388 F.2d 412, 414 (2nd Cir. 1967). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under the circumstances presented by this case, Defendant must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26, as the motion to compel relates to a non-party. *See Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D.Colo. 1998). The fact that discovery is sought from a non-party is one factor the Court may weigh in determining whether Defendant is entitled to an order which requires the production of materials or information. *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)). Courts are required to balance the need for discovery against the burden imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure. *Id.* (citing *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987)).

Fed. R. Civ. P. 45 provides that a subpoena *duces tecum* "shall issue from the court

for the district in which the production or inspection is to be made." The subpoena to California Casualty was issued out of the United States District Court for the District of Colorado. Therefore, this Court has the discretion to quash a subpoena if the court finds that the subpoena imposes an "undue burden" upon the subpoenaed party. Fed. R. Civ. P. 45(b)(3)(A)(iv). However, as California Casualty has not filed a response to the Motion, the Court has no evidence before it that the subpoena would impose an undue burden.

I find that the information Defendant seeks is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, based on the record before me, it appears that the subpoena was properly issued and served on California Casualty. I further find that no showing has been made that the subpoena imposes an undue burden upon California Casualty.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. California Casualty is ordered to produce to Defendant Mid-West all documents identified in Defendant's Exhibit A. Further, as Fed. R. Civ. P. 45(e) provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena," **California Casualty is warned that a failure to comply with the subpoena will result in the possible imposition of sanctions, including a Recommendation that it be held in contempt of contempt of court.**

          BY THE COURT:

          __s/ Kristen L. Mix_____

          United States Magistrate Judge

Dated: June 5, 2008