IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

    Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Exclude Portions of Burt Bernstein's Expert Reports and Testimony and to Exclude Dr. John Bermudez as an Expert** [Docket No. 184; filed April 24, 2008] (the "Motion to Exclude") and Defendant's **Unopposed Motion to Set Hearing in the Afternoon of June 6, 2008 Before Magistrate Judge Mix Re: Defendant's Motion to Exclude Expert Testimony [Docket No. 184]** [Docket No. 217; filed June 2, 2008] (the "Motion for Hearing"). The Court has reviewed the Motions, Plaintiffs' Response [Docket No. 210; filed May 21, 2008], Defendant's Reply [Docket No. 221; filed June 3, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Exclude [Docket No. 184] is **GRANTED IN PART AND DENIED IN PART**, for the reasons set forth below.

1

IT IS FURTHER **ORDERED** that the Motion for Hearing [Docket No. 217] is **DENIED AS MOOT**.

I.  **Motion to Exclude**

   A.  **Burt Bernstein**

Defendant first requests that the Court strike Burt Bernstein's expert report beginning with the last full paragraph on page 3 through the end of the report, as well as the entire Bernstein supplemental report.  *Motion to Exclude* [#184], p. 7.  As grounds, Defendant argues that Mr. Bernstein has been designated to provide his opinions regarding Plaintiffs' "junk insurance" allegations.  *Id.* at 2.  Defendant states that Plaintiffs designated Mr. Bernstein in their expert disclosures served on October 1, 2007, and that he was designated to testify regarding his opinion that Defendant "unreasonably denied the payment of medical bills and that their conduct was outrageous, wrongful, willful, and wanton, and constitutes bad faith."  *Id.* at 3-4 (citing Ex. 4. at 10).  However, Defendant argues that because Plaintiffs have been denied leave to amend their Complaint to add claims related to their "junk insurance" theory, the portions of Mr. Bernstein's expert report and testimony that relate to this theory should be excluded, as this testimony is not relevant to the remaining claims.  *Id.* at 5-6.

Plaintiffs argue that "[t]he type of policy that Mid-West contends it would have issued, including the evidence regarding Mid-West's use of sales agents to sell these policies in a deceptive manner is a factual issue which the jury is entitled to consider in deciding which policy the Plaintiffs are insured under.  The evidence is not put forth to

2

support claims that have not been pleaded, rather simply to assist the jury in making its factual determination." *Response* [#210], p. 3.

While understanding the arguments of the Parties, the Court believes that, because this issue ultimately deals with the scope of an expert witness' proffered trial testimony, it is best left to the District Judge to decide through a separate Rule 702 motion. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993) ("'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'") (citation omitted). Accordingly, this portion of the Motion to Exclude is **DENIED WITHOUT PREJUDICE**.

### B. Dr. John Bermudez

Defendant also requests that the testimony of Dr. John Bermudez be excluded in its entirety. *Motion to Exclude* [#184], p. 7. As grounds, Defendant argues that "Plaintiffs' Supplemental Disclosures included a report from Bermudez, even though Bermudez had not provided a prior expert report in this case. The purpose of the Supplemental Disclosures was not to offer *new* experts into the case a few weeks before Mid-West's own expert reports were due." *Id.* (citations omitted).

According to the Scheduling Order, the parties were to designate any experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before October 1, 2007, and any rebuttal experts on or before December 3, 2007 [Docket no. 51; filed July 10, 2007]. By Minute Order dated November 15, 2007, this Court extended Plaintiffs' deadline to disclose supplemental experts to January 15, 2008 [Docket No. 59]. Next, by Minute Order

dated November 30, 2007, this Court extended the deadline for Plaintiffs' supplemental expert reports to March 5, 2008 [Docket No. 64]. Plaintiffs argue that the "amended scheduling order allowing supplemental experts . . . did not place any such limitation on experts. To the contrary, when this matter was discussed between undersigned counsel and Mid-West's prior counsel, James Gigax, it was specifically contemplated by the parties that the new expert deadline would and could include new experts." *Response* [#210], p. 3. However, Defendant has submitted an affidavit from James Gigax, former counsel for Defendant, in which he states that "Mr. McCormick is mistaken in his assertion that 'it was specifically contemplated by the parties that the new expert deadline would and could include new experts' . . . . I recall no such agreement and can find no e-mail or other record of such an agreement." *Reply* [#221], Ex. 1, p. 2.

There is no doubt that the report of Dr. Bermudez is untimely under the deadlines set forth in the Scheduling Order, as the Parties were only allowed an extension of time for the filing of *supplemental* expert reports. Plaintiffs' suggestion that an extension of time to file supplemental reports contemplates the filing of new reports is illogical, as Plaintiff's interpretation would result in two different deadlines for filing of new expert reports. Because the evidence of any agreement between counsel is disputed, and because Plaintiffs bear the burden of proving such agreement, the Court cannot find that the parties agreed to permit new expert reports by the deadline for filing supplemental reports.

Fed. R. Civ. P. 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a) may not present this information as evidence at trial. This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless. *See Cook v. Rockwell Intern. Corp.*, 233 F.R.D. 598, 600 (D.Colo. 2005). However, the striking of an expert because of an untimely designation is a drastic sanction for a court to impose. *See Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997). Therefore, the Tenth Circuit has stated that the following factors should be considered in determining whether the failure to timely disclose an expert was substantially justified or harmless: "(1) the prejudice or surprise to . . . the party against whom the testimony is offered; (2) the ability . . . to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) . . . bad faith or willfulness." *Cook*, 233 F.R.D. at 600 (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953-54 (10th Cir. 2002)).

The first factor is the prejudice or surprise to Defendant. *Id.* Plaintiffs argue that "Defendant has already retained an expert in the area of neuropsychology in order to rebut Dr. Bermudez . . . . As a result, the Defendant is not prejudiced by the disclosure of Dr. Bermudez, and it is in the interests of justice to allow Dr. Bermudez to testify regarding the emotional distress of the Plaintiffs." *Response* [210], p. 4. However, Defendant respond that although it has indeed designated an expert on neuropsychology, it "will still be forced to expend considerable time and resources deposing and defending against Dr. Bermudez's testimony in an expedited fashion,

which [it] would not have had to otherwise do." *Reply* [#221], p. 6. I find that permitting Plaintiffs to designate a new expert a full five months after their deadline to do so would result in prejudice to Defendant, at least in terms of the unexpected additional time, energy and expense needed to defend against Dr. Bermudez's testimony.

The second factor is Defendant's ability to cure the prejudice. *Cook*, 233 F.R.D. at 600. I cannot think of any way that the prejudice to Defendant of having its counsel spend time and energy to depose a late-designated expert could be cured, either by Defendant or the Court. Neither I nor Defendant can turn back the clock or infuse defense counsel with new energy to replace that utilized in deposing Dr. Bermudez. Moreover, as it would only be fair to allow Defendant the opportunity to defend against the testimony of Dr. Bermudez through additional discovery, Defendant would almost certainly be forced to incur additional expenses in doing so, especially when the discovery must occur in an expedited fashion. I find that Defendant will not be able to completely cure the prejudice related to the admission of the testimony of Dr. Bermudez.

The third factor is the extent to which the admission of Dr. Bermudez' testimony will disrupt the trial. *Cook*, 233 F.R.D. at 600. I note that discovery in this case began over a year ago. The discovery deadline, set for May 22, 2008, has already passed [Docket No. 183; filed April 23, 2008]. The upcoming court dates in this matter are the Final Pretrial Conference, set for July 7, 2008, the Trial Preparation Conference before District Judge Babcock set for August 13, 2008 and a jury trial before Judge Babcock

scheduled to begin on September 8, 2008 [Docket No. 43; filed March 16, 2007]. Further, there is a pending Motion for Summary Judgment filed by Defendant [Docket No. 177; filed April 22, 2008]. Accordingly, to allow the testimony of Dr. Bermudez would require the Court to re-open discovery, which may result in a disruption of the deadlines in this case that have been established since March of 2007. Manifestly, permitting the testimony of Dr. Bermudez at trial would also likely extend the trial, create a need to reorder witnesses, and create a need for additional expert testimony, all of which are disruptive. This factor weighs against a finding that Plaintiffs' late designation was harmless.

The final factor is the bad faith or willfulness of Plaintiffs. *Cook*, 233 F.R.D. at 600. Defendant argues that "the information contained in Bermudez's report – Plaintiff Howard Myers's [sic] claimed emotional distress – was *always* within the Plaintiffs' possession and was not dependent upon further discovery from Mid-West." *Motion to Exclude* [#184], p. 7. For their parts, Plaintiffs make no explanation of their failure to designate Dr. Bermudez within the deadlines provided for in the Scheduling Order, other than their unconvincing argument that the deadline to supplement expert reports contemplated the filing of new expert reports. Although this Court hesitates to make the finding that Plaintiffs acted in bad faith in delaying to provide an expert report for Mr. Bermudez, the Court certainly finds that Plaintiffs were, in the very least, inappropriately inattentive to the deadlines set by the Scheduling Order and this Court.

On balance, these factors weigh in favor of excluding Dr. Bermudez as an expert

witness. In this respect, Defendant's Motion is **GRANTED**.

Accordingly, IT IS HEREBY **ORDERED** that **Defendant's Motion to Exclude Portions of Burt Bernstein's Expert Reports and Testimony and to Exclude Dr. John Bermudez as an Expert** [Docket No. 184; filed April 24, 2008] is **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER **ORDERED** that Defendant's **Unopposed Motion to Set Hearing in the Afternoon of June 6, 2008 Before Magistrate Judge Mix Re: Defendant's Motion to Exclude Expert Testimony [Docket No. 184]** [Docket No. 217; filed June 2, 2008] is **DENIED AS MOOT**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: June 9, 2008