IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, *et al*

    Plaintiff(s),

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY,

    Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion to Compel Responses by Kenneth Kochan to Deposition Questions and to Have Mr. Kochan Reappear for Completion of Deposition** [Docket No. 148; filed March 28, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 172; filed April 21, 2008], Plaintiff's Reply [Docket No. 195; filed May 6, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**, as set forth below.

**I.    Background**

Plaintiffs took the deposition of Kenneth Kochan on March 21, 2008. Mr. Kochan was an insurance agent employed by Alliance for Affordable Services, a company that apparently sold health insurance for Defendant. *Motion* [#148], p. 2. Mr. Kochan was

1

originally a named Defendant in this case, but was dismissed by the District Court on May 18, 2004 after it found that the action against him was void *ab initio* because he had filed bankruptcy prior to the civil action. *Id.* During Mr. Kochan's March 21, 2008 deposition, his counsel instructed him not to answer six questions, on the grounds of attorney-client privilege, relevance, joint defense privilege and HIPAA confidentiality issues.

Plaintiffs request that Mr. Kochan be ordered to reappear for a second deposition and that the costs and fees for the second deposition be paid by Defendant and Mr. Kochan. *Motion* [#148], p. 14. Defendant argues that the information Plaintiffs seek is either protected by HIPAA, the attorney-client privilege or a joint defense privilege. *Response* [#172], p. 2.

## II. Analysis

While the parties direct most of their attention to the issue of whether the questions posed to Mr. Kochan were indeed protected by HIPAA or a relevant privilege, the Court believes that the more important preliminary question is whether a second deposition of Mr. Kochan can be justified based on the circumstances and the deadlines present in this case.

According to the Scheduling Order, Mr. Kochan was to be deposed once for approximately three hours [Docket No. 41, p. 9]. Defendant states that Mr. Kochan's deposition actually lasted for four hours. *Response*[#172], p. 1. Pursuant to Fed. R. Civ. P. 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition

and: . . . (ii) the deponent has already been deposed in the case; . . . ." Further, pursuant to Fed. R. Civ. P. 26(b)(2)(C):

> On motion or on its own, the court must limit . . . discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Moreover, as a general rule, the court will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so. *Ice Corp v. Hamilton Sundstrand Corp.*, 2007 WL 1590845, *2 (D.Kan. 2007) (citing *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D.Kan. 1998)). That is, "[s]cheduling a second deposition of the same person without a showing of [reason] will generally support a finding of annoyance and undue burden or expense." *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D.Kan. 1998) (citation omitted).

Plaintiff seeks to obtain the following information from a second deposition of Mr. Kochan: (1) Whether Mr. Kochan arranged for legal representation or whether that arrangement was made on his behalf; (2) Whether Mr. Kochan paid for any legal representation; (3) What Mr. Kochan discussed with his counsel and Defendant's counsel Mr. Tuminello in preparation for his deposition; (4) The number of telephone conversations Mr. Kochan had with Mr. Gigax [former counsel for Defendant]; (5) The names of the 8-10 people to whom Mr. Kochan sold health insurance polices; and (6) Whether Mr. Kochan

remembers selling a health insurance policy to Dr. Stockdale. *Motion*[#148], pgs. 2-10.

The Court notes that Plaintiffs spend very little, if any, time explaining their exact need for this information, or its potential relevance to the claims they make in this litigation. Indeed, the Court is hard-pressed to see the relevance of the information sought to Plaintiffs' claims for negligence, breach of fiduciary duty, breach of contract, bad faith, and extreme and outrageous conduct related to Plaintiffs' application for health insurance with Defendant followed by a car accident. Further, in addition to the lack of justification provided for the information sought, allowing a second deposition would require that this Court re-open discovery, that Plaintiffs' counsel, Defendant's counsel and Mr. Kochan's counsel schedule a mutually-convenient time for the deposition, and that Mr. Kochan apparently travel from Utah for the deposition. Considering the questionable relevance of the information sought, the burdens imposed by a second deposition, that the discovery deadline expired on March 28, 2008 [Docket No. 105], that a jury trial is scheduled to begin on September 8, 2008, and that a Motion for Summary Judgment [Docket No. 43] is currently pending, this Court believes it is likely that the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiffs have simply not provided the requisite showing of need or good reason that would convince this Court to order a second deposition of Mr. Kochan at this time. *Ice Corp.*, 2007 WL 1590845 at *2.

Because neither Plaintiffs nor Defendant have addressed the relevance of the information sought to the subject matter of the litigation, Plaintiffs' Motion is denied without

prejudice. If Plaintiffs seek to re-file the Motion, they must do so on or before **June 23, 2008**, and they must specifically address how the information sought is relevant to their claims. Defendant's response will be due seven days after the re-filing of Plaintiffs' Motion, if any. No reply will be permitted.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiffs' Motion to Compel Responses by Kenneth Kochan to Deposition Questions and to Have Mr. Kochan Reappear for Completion of Deposition** [Docket No. 148; filed March 28, 2008] is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: June 11, 2008

5