IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 04-cv-00396-LTB-KLM

HOWARD MYERS, individually and as next best friend of ETHAN MYERS and LUKAS
MYERS, minors,

      Plaintiffs,

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY a/ka or d/b/a or separately; MID-
WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,

      Defendant.

_____

## ORDER
_____

This case is before me on Defendant Mid-West National Life Insurance Company's

("Mid-West") Motion to Strike the Affidavits of Mark Anderson and Bert Bernstein in Support

of Plaintiffs' Response to Motion for Summary Judgment [Doc # 230]. Mid-West argues that

the affidavits should be stricken because (1) Plaintiffs have made no showing that either Mr.

Anderson or Mr. Bernstein are qualified as experts in the relevant fields; (2) portions of the

affidavits state legal conclusions; (3) portions of the affidavits set forth conclusory allegations

based on pure speculation and unsupported assumptions; and (4) portions of the affidavits

express opinions that were not previously disclosed.

### I.  The Affiants' Qualifications

Mr. Anderson's affidavit states that he is "an expert that has been retained in this matter."

Mr. Bernstein's affidavit states that he is "an expert in the area of insurance claims and insurance

underwriting." Although both affidavits state that a copy of the affiants' curriculum vitae is

attached, no CV was provided for either Mr. Anderson or Mr. Bernstein with Plaintiffs' response to Mid-West's motion for summary judgment. Plaintiffs have now provided copies of the CVs with their response to Mid-West's motion to strike. Plaintiffs have also provided excerpts of deposition testimony that purportedly establish the expert qualifications of Mr. Anderson and Mr. Bernstein.

Mid-West first argues that I should ignore the supplemental materials that Plaintiffs have now provided regarding the expert qualifications of Mr. Anderson and Mr. Bernstein. This approach seems unduly harsh especially with respect to the CVs which may well have been omitted as an oversight. Even considering the CVs and relevant deposition testimony, however, I question whether Mr. Anderson and Mr. Bernstein have the "knowledge, skills, experience, training, or education" that would qualify them as experts under Fed. R. Evid. 702 with respect to the opinions set forth in their affidavits.

First, Mr. Anderson's CV reflects some experience in the handling of insurance claims but the opinions set forth in his affidavit relate in large part to underwriting practices in issuing a health insurance policy. Mr. Anderson's deposition testimony likewise fails to establish experience in the area of insurance underwriting. Nonetheless, Mr. Anderson testified that the first step in processing an insurance claim is to evaluate whether there is insurance coverage and that this evaluation may require investigation into the process of issuing a policy and the representations made by an agent. Mr. Anderson therefore may have the necessary expertise to opine about the issues addressed in his affidavit despite his lack of experience in the specific field of insurance underwriting.

Although Mr. Bernstein's CV reflects some underwriting experience, his deposition testimony actually undermines the breadth of this experience since Mr. Bernstein acknowledges that he engaged in underwriting "for a short time in the late eighties." Nonetheless, Mr. Bernstein also testified that there is "a lot of overlap" between the underwriting and claims review processes of an insurance company and that as an expert witness he has continued to review underwriting files on a fairly regular basis and has not noticed any significant differences from the time when he was involved in underwriting. Like Mr. Anderson then, Mr. Bernstein may have the necessary expertise to opine about the issues addressed in his affidavit despite his relatively minimal experience in the specific field of insurance underwriting. Accordingly, despite my concerns regarding the qualifications of Mr. Anderson and Mr. Bernstein, I decline to strike their affidavits in their entirety on this basis.

## II. Improper Legal Conclusions

"When the purpose of [expert] testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Specht v. Jensen,* 853 F.2d 805, 810 (10th Cir. 1988). Similarly, "[w]hen an expert merely states an opinion on an ultimate issue without adequately exploring the criteria on which it is based, the jury is provided with no independent means by which it can reach its own conclusion or give proper weight to the expert testimony." *U.S. v. Simpson,* 7 F.3d 186, 188-9 (10th Cir. 1993).

Mid-West argues that the affidavit of Mr Anderson contains inadmissible legal conclusions that Mr. Kochan was a "general or captive agent" of Mid-West "with the authority to bind [Mid-West] to the health insurance Mr. Kochan represented they were purchasing" and that "the payment from [Plaintiffs] of monies related to the insurance further indicates that Mid-

West was bound to the insurance in question on January 15, 2002." *See* Affidavit, ¶ 3. I agree, and paragraph 3 of Mr. Anderson's affidavit is therefore stricken.

Mid-West also argues that the affidavit of Mr. Bernstein contains an inadmissible legal conclusion that "when Mr. Kochan accepted a premium check for the health insurance that Mr. Myers applied for, Mid-West became bound to that health insurance which Mr. Kochan had represented would be issued." *See* Affidavit, ¶ 4. I agree, and this portion of paragraph 4 of Mr. Bernstein's affidavit is therefore stricken.

### III. Conclusory Opinions

An expert's opinion can be rejected on summary judgment "if it is conclusory and thus fails to raise a genuine issue of material fact." *Matthiesen v. Banc One Mortgage Corp.,* 173 F.3d 1242, 1247 (10th Cir. 1999). Mid-West argues that both of Plaintiffs' expert affidavits are rife with conclusory opinions that are based on speculation and unsupported assumption. I agree. However, rather than parse through the affidavits line by line in order to identify the portions that should be stricken on this basis, I will reject the opinions of Mr. Anderson and Mr. Bernstein as necessary and appropriate in my analysis of Mid-West's motion for summary judgment.

### IV. Undisclosed Opinions

Mid-West argues that the affidavits of Mr. Anderson and Mr. Bernstein contain numerous opinions that were not disclosed in their expert reports in violation of Fed. R. Civ. P. 26(a). Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or harmless." In

determining whether a violation of Rule 26(a) is substantially justified or harmless, I consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

It is difficult for me to apply the relevant factors to Plaintiffs' expert opinions based upon the record before me. Notably, Plaintiffs do not even address these factors and instead argue that the subject affidavits are appropriate because they are in direct response to a summary judgment motion and because all of the opinions set forth in the affidavits were previously disclosed "in some fashion ... at least in general terms." Not surprisingly, Plaintiffs cite no authority to support their argument that undisclosed expert opinions are generally admissible in the context of summary judgment motions. Plaintiffs likewise fail to cite to any report or document that would demonstrate that the opinions were previously disclosed. Nonetheless, I am loathe to strike the opinions of Mr. Anderson and Mr. Bernstein for failure to disclose without engaging in a thorough analysis of the factors set forth in *Woodworker's Supply.* In addition, Mid-West has not identified all of the previously undisclosed opinions with specificity. *See* Motion, p.9 ("... several paragraphs of Mr. Bernstein's Affidavit include new opinions that were not previously disclosed ..."). I will, however, take the disclosure issue into account as necessary and appropriate in my analysis of Mid-West's motion for summary judgment.

For the reasons set forth above IT IS HEREBY ORDERED that

1. Mid-West's Motion to Strike the Affidavits of Mark Anderson and Bert Bernstein in Support of Plaintiffs' Response to Motion for Summary Judgment [Doc # 230] is GRANTED IN

PART and DENIED IN PART;

2. Paragraph 3 of Mr. Anderson's affidavit is stricken from the record on Mid-West's motion for summary judgment; and

3. The portion of paragraph 4 of Mr. Bernstein's affidavit that states "when Mr. Kochan accepted a premium check for the health insurance that Mr. Myers applied for, Mid-West became bound to that health insurance which Mr. Kochan had represented would be issued" is stricken from the record on Mid-West's motion for summary judgment.


Dated: August   25  , 2008 in Denver, Colorado.


                                    BY THE COURT:


                                    ___s/Lewis T. Babcock_____
                                    LEWIS T. BABCOCK, JUDGE