IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 04-cv-00396-CMA-KLM

HOWARD MYERS, individually and as next best friend of
ETHAN MYERS and LUKAS MYERS, minors,

    Plaintiffs,

v.

MID-WEST NATIONAL LIFE INSURANCE COMPANY, a/k/a or d/b/a or
separately, MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,

    Defendant.

## ORDER REGARDING MOTION FOR STAY

This matter is before the Court on Plaintiffs' Motion To Stay Judgment Pending Appeal or In the Alternative To Set Supersedeas Bond In the Amount of $1,000.00 (Doc. # 258). For the following reasons, Plaintiffs' Motion is DENIED.

### BACKGROUND

This case arose out of an auto accident. A detailed factual history is not necessary, but a quick procedural recap will help explain the Court's ruling. Plaintiffs filed suit in state court and Defendants removed to this Court on March 4, 2004. A battle then ensued over whether this case should be remanded to the District Court for El Paso County, Colorado or remain in federal court. Defendants prevailed and the case was allowed to proceed in this Court rather than state court (Doc. # 28). About two years later, after discovery, Defendant Mid-West National Life Insurance prevailed

on a Motion for Summary Judgment disposing of all of Plaintiffs' remaining claims[1] (*see* Doc. # 251). Mid-West filed a Proposed Bill of Costs seeking $35,712.89 (Doc. # 254). Plaintiffs did not contest the costs proposed by Mid-West and in fact stipulated to this amount (Doc. # 255). On September 22, 2008, the Clerk taxed costs against Plaintiffs for the stipulated amount (Doc. # 256). Two days after the Clerk taxed costs, Plaintiffs filed the instant Motion seeking to stay collection of the judgment for costs or, alternatively, to allow Plaintiffs' to post a supersedeas bond of $1,000.00 and a Notice of Appeal (Doc. # 257).

In the Motion to Stay, Plaintiffs argued that the Court should stay collection of the judgment against them while they pursued their appeal of this Court's earlier decisions. They asked the Court to stay the judgment without requiring them to post any type of security or, alternatively, upon posting a supersedeas bond of $1,000 pursuant to Federal Rule 62(d). Plaintiffs contend that they have appealed in good faith and that their inability to pay for a supersedeas bond in the full judgment amount entitles them to forestall collection without posting full security. Plaintiffs provide three affidavits which they claim establish their inability to pay the full judgment amount and irreparable harm that would befall them should the Court allow Mid-West to collect its costs. Mid-West responds that Plaintiffs have recently filed a second lawsuit relating to the same auto accident and that they have appealed this case; thus, Mid-West's argument goes, because Plaintiffs have the financial ability to sustain a second lawsuit and an appeal,

---

[1] The claims against Defendants Kenneth Kochan and Alliance for Affordable Services were dismissed on May 20, 2004 (Doc. # 28) and October 8, 2004 (Doc. # 29), respectively.

they have the financial ability to pay the full supersedeas bond, and the instant Motion to Stay should be denied.

## STANDARD OF REVIEW

Federal Rule 62(d) allows an appellant to stay collection of a judgment by requesting the district court's permission to post a supersedeas bond. Fed. R. Civ. P. 62(d). The stay takes effect if and when the district court approves the bond. Fed. R. Civ. P. 62(d). The purpose behind a supersedeas bond is to secure the judgment during the appellate process against the possibility of the judgment debtor's insolvency. *Grubb v. FDIC*, 833 F. 2d 222, 226 (10th Cir. 1987). Typically, the amount of the bond will equal the amount of the judgment. *See Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); 5 Am. Jur. 2d Appellate Review § 431. However, district courts have discretion in setting supersedeas bonds. *Miami Int'l Realty*, 807 F.2d at 873; 5 Am. Jur. 2d Appellate Review § 431. The court's discretion regarding security arrangements and bonds "extends both to their nature and their amount." 5 Am. Jur. 2d Appellate Review § 431 (internal footnotes omitted); *see also Sierra Club v. El Paso Gold Mines, Inc.*, 2003 WL 25265871, *7 (10th Cir. April 21, 2003) (citing *Miami Int'l Realty*, 807 F.2d at 873).

Factors that a district court may consider when deciding the amount of a supersedeas bond include: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is obvious enough that the cost of a bond would be a waste of money; and (5) whether the appellant is in such dire

financial circumstances that a bond would place the appellant's other creditors at risk. *See Dillion v. City of Chicago*, 866 F. 2d 902, 904-05 (7th Cir. 1988) (cited in *Sierra Club*, 2003 WL 25265871 at *7). A court may also reduce the presumptive security amount if the appellant's financial situation is such that posting full security would create an undue burden on the appellant. *See, e.g., Miami Int'l Realty*, 807 F.2d at 873-74 (reducing amount of judgment security when appellant demonstrated insolvency and inability to pay for full supersedeas bond). The appellant bears the burden to demonstrate a good reason for departing from the usual requirement of full security. *Sierra Club*, 2003 WL 2526587 at *8; Am. Jur. 2d Appellate Review § 431.

## **ANALYSIS**

In this case, Plaintiffs assert that they are pursuing their appeal in good faith and that they do not have the ability to pay the full judgment amount or post a supersedeas bond in the full judgment amount. Although it is clear that Plaintiffs will suffer cognizable harm should Mid-West be allowed to collect on the judgment during the pendency of Plaintiffs' appeal, Plaintiffs bear the consequences of their choice to file this lawsuit, including the potential that their claims would be found to lack merit and that they might be held liable for the opposing parties' costs. These consequences arise even under contingency fee agreements. *See, e.g.,* Colo. Rule Governing Contingent Fees 4(a)(4) ("Before a contingent fee agreement is entered into the attorney shall disclose to the prospective client in writing: (4) The potential for an award of costs and attorneys' fees to the opposing party."). Moreover, the Court recognizes the purpose of a supersedeas bond under Federal Rule 62(d) – to secure a judgment creditor against a judgment debtor's potential insolvency – is a critical check against

frivolous or merit-less appeals.  Additionally, Plaintiffs stipulated to the amount of Mid-West's costs in this matter, which indicates to the Court that Plaintiffs have no qualms with the reasonableness or amount of Mid-West's costs.

Plaintiffs have not persuaded the Court that sufficient justification exists to deviate from the typical amount of a supersedeas bond.  The purpose behind Federal Rule 62 will not be served by allowing Plaintiffs to post less than the full amount of the judgment.  Thus, the Plaintiffs' Motion to Stay (Doc. # 258) is DENIED.  The Court will allow Plaintiffs to post a supersedeas bond in the amount of $35,712.89, but no less.  It is

FURTHER ORDERED that collection of the costs taxed on Plaintiffs by the Clerk on September 24, 2008, shall be stayed upon the posting of a supersedeas bond in the amount of $35,712.89.  Plaintiffs shall have 20 days from the date of this Order to obtain and post the bond, otherwise this Order shall become null and void and Mid-Century can begin collection.

DATED:  February  6 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge